**\* BARBARA POPE v. CITY OF CINCINNATI.**

1. **Voluntary Appearance After Issue of Warrant is Sufficient.**

    Where a prosecution was commenced in the police court of Cincinnati, for the breach of an ordinance of the city, and a warrant issued for the arrest of the defendant, but no return was made thereon by the officer to whom it was directed, but the record discloses that the defendant appeared in court and executed a recognizance for her appearance on the day set for the trial of the case, at which time she accordingly appeared in court, and without objection by her, pleaded not guilty to the charge, waived a jury and was tried by the court and found guilty and sentenced,—the fact that no return was made upon such warrant did not deprive the court of jurisdiction to hear and determine the case. The voluntary appearance of the defendant and submission to a trial is sufficient, and equivalent to her arrest, upon the warrant and a due return thereof.

2. **Jurisdiction not Deprived Because Complaint is on Belief.**

    The fact that such affidavit was made on belief only, did not, in the absence of any objection thereto, deprive the court of jurisdiction.

3. **Failing to Allege That Offense is not Within Exceptions Named is Fatal.**

    An ordinance of the city made it unlawful to discharge fire-arms within the city limits, except under the circumstances named therein. The affidavit in this case did not allege that the act of the defendant did not come within the exceptions. It did not legally charge any offense against the ordinance, and the conviction of the defendant thereon was erroneous.

4. **Excessive Fine is Error, Though no Exception is Taken.**

    The penalty imposed by the ordinance was a fine not exceeding $10. The court imposed a fine of $25. This was illegal and erroneous, and for such errors in the judgment it should be reversed, though no exception was taken to it at the time, this not being necessary in a final judgment.

5. **Peace Bond Cannot be Required Under an Ordinance.**

    A peace bond cannot be required in a prosecution under a city ordinance, and where one has been ordered, the reviewing court will reverse the judgment, although no exception was taken, it being its duty to correct errors of which the court can take judicial notice.

ERROR to the Court of Common Pleas of Hamilton county.

SMITH, C. J.

The plaintiff in error was charged by an affidavit filed (on belief) in the police court of Cincinnati, March 3rd, 1888, "with unlawfully and knowingly discharging fire-arms, to-wit, a pistol, within the limits of the city of Cincinnati."

On this affidavit, a warrant issued, directed to the superintendent of police, commanding him to arrest the defendant forthwith, and have her before the judge of said police court "to answer unto the state of Ohio, charged with discharging fire-arms." No return was made upon this warrant, but the transcript of the record of the police court shows, that on the 5th day of March, 1888, the case was continued until March 7th, 1888, and bail given, and on that day again continued until March 13th, and bail given, and that on the last named day "the defendant being in court, pleaded not guilty to the charge of discharging fire-arms, and waived

\* This case is distinguished in Geiger v. State, 3 Ohio Circ. Dec. 000 (s. c. 5 C. C. R., 285).

a jury, and the court having heard the testimony, found the defendant guilty"—and thereupon proceeded to sentence her to pay a fine of $25.00 and costs, and to stand committed until the fine and costs were paid, and further required her to execute a bond to keep the peace, in the sum of $100, all of which the defendant then complied with.

It is manifest that the proceedings in this case were loosely conducted, and that the manner of stating the charge in the affidavit, and its recital in the warrant are not in accordance with the plainest principles of law and of practice; but we are of the opinion that there was an attempt to commence a prosecution against the defendant based on an ordinance of the city, and not against any state law, as might be inferred from the language of the warrant, which, however, is not to determine this question. Indeed the affidavit which states the only charge made against her, cannot by any construction be held to charge any offense against the state, and counsel representing the city admit that it was not intended to do so; but was a prosecution based on section 20 of an ordinance of the city passed in 1856 (Merrill's Ordinances, 274), which provides "that it shall be unlawful, except for persons in military array, or in self-defense, or to enforce the laws, to discharge any description of fire-arms whatever." The penalty imposed by the ordinance for the violation of this section is a fine of not exceeding $10 and costs, or imprisonment for not less than one nor more than thirty days, or both, at the discretion of the court.

It is claimed by the counsel for plaintiff in error, that the whole judgment of the police court was utterly void, for the reasons that such court had no jurisdiction of the person of the defendant, because no return was made on the warrant showing her arrest—that there was no legal affidavit, it having been made only on belief, and not positively—that the affidavit charged no offense, and that the defendant consequently could not be legally found guilty of any.

We state our conclusions as to these matters briefly:

1. We are of the opinion that the fact that no return was made upon the warrant which was issued, did not under the circumstances disclosed in the record, deprive the court of jurisdiction to hear and determine the cause. The defendant having twice appeared and given bail, on the day set for trial again appeared in court, entered her plea of not guilty, waived a jury and submitted to a trial by the court. This in a prosecution for a breach of an ordinance, (only a *quasi* criminal case), or even in a prosecution for a crime, is sufficient to give the court jurisdiction of the person of a defendant. The object of a warrant is to bring the party before the court, and if he voluntarily comes and gives bail and submits to a trial without the issue or service of a warrant, this we think is sufficient, and all that is necessary.

2. The fact that the affidavit was made on the belief of the person filing the same, and which did not state the facts absolutely, while it may be open to objection, did not, in the absence of a motion to quash, deprive the court of jurisdiction in the proceeding.

3. We think that no sufficient charge was made in the affidavit against the defendant. By the ordinance referred to, it was not made unlawful to discharge fire-arms within the city under all circumstances. Persons in military array,— those doing so in self-defense, or in enforcing the laws, were expressly excepted from the operation of the section, and the affidavit on which the defendant was tried, (no information having been filed thereon), did not allege that the defendant did not come within the exceptions. On a motion to quash the affidavit for this cause, it would have been the duty of the police court to have sustained it. No such motion was in fact made, but if no offense was charged, no legal judgment could be rendered against her, and for reasons hereinafter stated, it can now be taken advantage of.

4. The fine assessed by the judgment was $25.00 and costs. The maximum

allowed by the ordinance to be assessed was $10.00 and costs.  In a prosecution under a city ordinance, a peace bond can not be required.  In both of these particulars the judgment was clearly erroneous.  No exception was taken to this judgment, but as held in Bank v. Buckingham, 12 O. S., 402, and Justice v. Lowe, 26 O. S., 372, on a final judgment it is entirely unnecessary to do so.  When the judgment on its face, under the laws of which a court takes judicial notice, is clearly erroneous, it is the duty of a reviewing court to correct it. ·

Our conclusion is that the judgment of the court of common pleas affirming the judgment of the police court was erroneous—that both judgments should be reversed with costs, and plaintiff in error restored to all she has lost thereby, and that the case be remanded to the police court, with instructions to discharge the defendant from prosecution on the affidavit filed therein.

Wm. H. Pope, for plaintiff in error.

J. P. Murphy, for defendant in error.

---

# ABSTRACTS OF DECISIONS.

### IMPEACHMENT OF WITNESS.

[Cuyahoga Circuit Court, January Term, 1888.]

Baldwin, Caldwell and Upson, JJ.